**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NUMBER:**

| | |
|---|---|
| Colby O. Altman and Patrick L. Altman, <br><br> Plaintiffs, <br><br> v. <br><br> Black's Tire Service, Inc., and Keith Edmund Willis, <br><br> Defendants. | **NOTICE OF REMOVAL** |

**TO:     DOUGLAS JENNINGS, ESQUIRE, ATTORNEY FOR PLAINTIFFS, AND TO THE PLAINTIFFS ABOVE NAMED:**

The Defendants, Black's Tire Service, Inc., and Keith Edmund Willis, would respectfully show in support of its notice of removal that:

1.     This action was filed on June 1, 2021, in the Court of Common Pleas for Marlboro County, South Carolina. A copy of the Plaintiffs' Summons and Complaint is attached as Exhibit A.

2.     This action is one of a civil nature over which the District Courts of the United States have original jurisdiction, said action having been brought by the Plaintiffs against the Defendants alleging negligence based upon a motor vehicle accident on July 19, 2018, in Chesterfield County, South Carolina.

3.     The Plaintiffs' Complaint does not specify a specific amount of damages being sought.  As originally pled, this civil action was not removable because the amount in controversy could not be established. See Hagood v. Electrolux Home Prods., Inc., 2006 WL 1663804 (D.S.C. June 15, 2006) (remanding action sua sponte because complaint did not specify amount of damages sought).

1

4. Because the Complaint did not allege a specific amount of damages being sought by the Plaintiffs, Defendants served the Plaintiffs with Requests to Admit, asking the Plaintiffs to admit, among other things, that the Plaintiffs are not seeking to recover damages in excess of $75,000.00 exclusive of interest and costs.

5. On August 20, 2021, the Plaintiffs served their responses to Requests to Admit. Among other things, the Plaintiffs refused to admit that they are seeking to recover no more than $75,000.00 exclusive of interest and costs. The Plaintiffs also denied that they will not attempt to recover damages in excess of $75,000.00 exclusive of interest and costs in this action. The Plaintiffs also denied that they would agree to a remittitur if any jury verdict exceeded $75,000.00 exclusive of interest and costs. (Exhibit B: Plaintiffs' Responses to Requests to Admit).

6. This Notice of Removal is being filed within thirty (30) days of receipt of the Plaintiffs' Responses to Requests to Admit. Pursuant to 28 U.S.C. § 1446 (b) (3), if a case is not removable as alleged in the original pleadings, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading … or other paper from which it may be first ascertained that the case is one which is or has become removable." (emphasis added). Responses to requests to admit constitute "other paper" for purposes of triggering removal.

7. "Until a defendant receives in writing a statement that suggests that a plaintiff plans to seek more than $75,000.00 in damages, the case is not removable to federal court." McLean v. American Int'l Recovery, Inc., 1 F. Supp. 2d 628, 630 (S.D. Miss. 1998).

8. However, once a Defendant receives a response to requests to admit from the Plaintiffs denying that their damages do not exceed $75,000.00, this response "will constitute 'other paper' that affirmatively shows that the jurisdictional amount may be satisfied." See Freeman v.

Witco, Corp., 984 F. Supp. 443, 447 (E.D. La. 1997) (denying remand where plaintiff refused to admit that he would not seek damages in excess of $75,000.00).

9. At the time of the commencement of this action, the Plaintiffs were citizens and residents of the State of South Carolina, Defendant Keith Edmund Willis was a citizen and resident of the State of North Carolina, and Defendant Black's Tire, Inc. is a corporation with is principal place of business and incorporated in the State of North Carolina, so that there is complete diversity of citizenship between the Plaintiffs and the Defendants.

10. This case is now removable based on this Court's diversity jurisdiction. The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs, as shown in Plaintiffs' Responses to Requests to Admit, attached hereto. There is complete diversity of citizenship and, therefore, this Court has jurisdiction in accordance with Title 28 U.S.C. §1332(a)(1).

11. Venue in this matter is proper in the Florence Division in this Court in accordance with Title 28 U.S.C. §1441(a).

12. A copy of the Defendants' Answer and all other documents filed with the State Court are attached as Exhibit C hereto.

13. The Defendants will promptly furnish to the Clerk of Court for Marlboro County a copy of this Notice of Removal and have requested an Acknowledgement from the Clerk and, upon receipt, will file the Clerk's Acknowledgement with this Court.

WHEREFORE, the Defendants respectfully file this Notice of Removal so that this case may proceed in the United States District Court, District of South Carolina, Florence Division, and no further proceedings be held in said case in the Court of Common Pleas, Marlboro County, and for such other relief as the Court deems just and proper in the circumstances.

4

                          MURPHY & GRANTLAND, P.A.

                          *s/Jody C. Lyles*
                          John M. Grantland, Esquire (Fed. ID#06462)
                          Jody C. Lyles, Esquire (Fed. ID #13323)
                          Post Office Box 6648
                          Columbia, South Carolina 29260
                          Phone: (803) 782-4100
                          Fax:    (803) 782-4140
                          Email:  jgrantland@murphygrantland.com

                          *Attorneys for Defendants*

Columbia, South Carolina
August 25, 2021