# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF MARLBORO ) <br> ) <br> Colby O. Altman and Patrick L. Altman, ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> vs. ) <br> ) <br> Black's Tire Service, Inc. and Keith Edmund ) <br> Willis, ) <br> ) <br> DEFENDANTS. ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br> FOURTH JUDICIAL CIRCUIT <br> C/A NO.:  21-CP-34-_____ <br><br> **SUMMONS** <br> (Jury Trial Demanded) |

TO:  BLACK'S TIRE SERVICE, INC. AND KEITH EDMUND WILLIS, THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in the above-entitled action, a copy of which is hereby served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office at 151 Broad Street, Bennettsville, South Carolina, within thirty (30) days of service, exclusive of the date of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiffs herein will apply to the Court for the relief demanded in said Complaint.

(*Signature page to follow*.)

ELECTRONICALLY FILED - 2021 Jun 07 3:24 PM - MARLBORO - COMMON PLEAS - CASE#2021CP3400162

**DOUGLAS JENNINGS LAW FIRM, LLC**

By:    /s/ Douglas Jennings, Jr.
       Douglas Jennings, Jr. (Bar #2987)
       Mason William King (Bar #100149)
       P.O. Box 995
       151 Broad Street
       Bennettsville, SC 29512
       (843) 479-2865 Office
       (843) 479-2866 Fax
       doug@jenningslawoffice.com
       mason@jenningslawoffice.com
       *ATTORNEYS FOR PLAINTIFFS*

June 7, 2021
Bennettsville, South Carolina

ELECTRONICALLY FILED - 2021 Jun 07 3:24 PM - MARLBORO - COMMON PLEAS - CASE#2021CP3400162

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF MARLBORO ) | FOURTH JUDICIAL CIRCUIT |
| ) | C/A NO.:   21-CP-34-_____ |
| Colby O. Altman and Patrick L. Altman, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | (Jury Trial Demanded) |
| Black's Tire Service, Inc. and Keith Edmund ) | |
| Willis, ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

Plaintiffs Colby O. Altman and Patrick L. Altman, through their undersigned attorneys, complain of the defendants as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This suit arises out of a vehicular collision that occurred in Chesterfield County, South Carolina on July 19, 2018.

2. Plaintiffs Colby O. Altman and Patrick L. Altman are residents and citizens of Marlboro County, South Carolina.

3. Upon information and belief, Defendant Black's Tire Service, Inc. is a business incorporated under the laws of North Carolina and regularly conducts business in South Carolina, including Chesterfield County.

4. Upon information and belief, Defendant Keith Edmund Willis is a resident and citizen of North Carolina.

5. This Court has personal jurisdiction over the above-named parties and subject matter jurisdiction over the claims asserted in this Complaint.

ELECTRONICALLY FILED - 2021 Jun 07 3:24 PM - MARLBORO - COMMON PLEAS - CASE#2021CP3400162

6.     Venue is proper pursuant to § 15-7-30(D) of the South Carolina Code of Laws, as amended.

## FACTUAL ALLEGATIONS

7.     On July 19, 2018, Plaintiff Colby O. Altman was a passenger in a 2001 Toyota 4Runner which was traveling north on Highway 52 in the Town of Cheraw, South Carolina, in Chesterfield County.

8.     At the same time, Defendant Keith Edmund Willis was driving a 2006 Freightliner commercial truck, owned by Defendant Black's Tire Service, Inc., and he was also traveling north on Highway 52 and was behind the Toyota 4Runner in which Plaintiff was riding as a passenger.

9.     The driver of the Toyota 4Runner in which Plaintiff Colby O. Altman was a passenger activated her left turn signal and began slowing down to make a left turn off of Highway 52 onto State Road in the Town of Cheraw.

10.    While the vehicle in which Plaintiff was riding as a passenger was stopped on Highway 52 waiting for traffic to clear before making the left turn onto State Road, Defendant Willis violently collided the Freightliner commercial truck he was driving into the rear of the Toyota 4Runner in which Plaintiff was riding as a passenger.

11.    This initial collision propelled the Toyota 4Runner in which Plaintiff was riding as a passenger forward and into the southbound lane of Highway 52, causing it to collide into another vehicle that was traveling south on Highway 52.

12.    At all times relevant herein, Defendant Willis was operating the 2006 Freightliner commercial truck as an agent or employee of Defendant Black's Tire Service, Inc., and Defendant Willis was operating the Freightliner commercial truck while in the course and scope of his employment with Defendant Black's Tire Service, Inc.

ELECTRONICALLY FILED - 2021 Jun 07 3:24 PM - MARLBORO - COMMON PLEAS - CASE#2021CP3400162

13. As a result of this collision, Plaintiff Colby O. Altman suffered serious and permanent injuries and damages, and her spouse, Plaintiff Patrick L. Altman suffered derivative damages which are more fully outlined below.

## **FOR A FIRST CAUSE OF ACTION**
(Negligence, Negligence *per se*, Gross Negligence, and Recklessness as to both Defendants)

14. Each allegation contained above is re-alleged and incorporated by reference.

15. Defendant Willis had a duty to use reasonable and due care while operating a commercial motor vehicle.

16. Defendant Willis also had a duty to comply with all applicable traffic laws, all applicable regulations of the FMCSA, and applicable industry safety standards.

17. Defendant Black's Tire Service, Inc. is vicariously liable for the acts and omissions of its employees and agents, including the acts and omissions Defendant Willis committed in the course and scope of his employment on July 19, 2018.

18. Defendants breached these duties in one or more of the following particulars:

   a. In failing to keep a proper lookout;

   b. In traveling too fast for conditions;

   c. In failing to see or observe things that a reasonable person would see or observe;

   d. In failing to yield the right-of-way;

   e. In failing to maintain proper control of the Freightliner commercial truck;

   f. In failing to take any evasive action, by any means, to keep from colliding with the Toyota 4Runner in which Plaintiff was a passenger;

   g. In failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

    h. In operating the Freightliner commercial truck with a reckless disregard for the rights and safety of others, including Plaintiff; and

    i. In committing such other acts or omissions and violating such other duties as may be learned during discovery or at the trial of this case.

19. In breaching these duties and committing these acts, Defendants acted in a way that was negligent, grossly negligent, willful, wanton, or reckless.

20. Defendants' negligence, gross negligence, willfulness, wantonness, and recklessness were the direct, foreseeable, and proximate cause of Plaintiffs' injuries and damages.

## FOR A SECOND CAUSE OF ACTION
(Negligent Hiring as to Black's Tire Service, Inc.)

21. Each allegation contained above is re-alleged and incorporated by reference.

22. Defendant Black's Tire Service, Inc. owed a duty to Plaintiffs and others to hire only personnel who were appropriate to operate commercial motor vehicles and not to hire personnel who would place Plaintiff and other motorists on the public highway at a risk of bodily injury or death.

23. Defendant Black's Tire Service, Inc. breached that duty by hiring personnel who committed the acts described in this Complaint and others, and in fact encouraging the same.

24. Defendant Black's Tire Service, Inc. had knowledge that these persons committed wrongful prior conduct, but Defendant Black's Tire Service, Inc. failed to remedy the situation.

25. As a result of Defendant Black's Tire Service, Inc.'s conduct, Plaintiffs are entitled to actual and punitive damages for physical injuries, property damage; pain and suffering, mental anguish, loss of human dignity, loss of enjoyment of life, permanent impairment and disfigurement, loss of consortium, and other damages caused by the same, in an amount to be determined at the trial of this action.

ELECTRONICALLY FILED - 2021 Jun 07 3:24 PM - MARLBORO - COMMON PLEAS - CASE#2021CP3400162

**FOR A THIRD CAUSE OF ACTION**
(Negligent Training and Supervision as to Defendant Black's Tire Service, Inc.)

26. Each allegation contained above is re-alleged and incorporated by reference.

27. Defendant Black's Tire Service, Inc. owed a duty to Plaintiff and others in the motoring public to comply with all provisions of the Federal Motor Carrier Safety Act (FMCSA) and to properly train and supervise its personnel, and to determine if these persons were appropriate to operate commercial motor vehicles, and to not allow these personnel to place Plaintiff and others at a risk of bodily injury or death.

28. Defendant Black's Tire Service, Inc. breached that duty by failing to properly train and supervise Defendant Willis in the operation of this commercial truck, and Defendant Black's Tire Service, Inc. had knowledge that this person was likely to commit and/or did commit wrongful conduct but failed to remedy the situation.

29. As a result of Defendant Black's Tire Service, Inc.'s conduct, Plaintiffs are entitled to actual and punitive damages for physical injuries, property damage, pain and suffering, mental anguish, loss of human dignity, loss of enjoyment of life, permanent impairment and disfigurement, and other damages caused by the same, in an amount to be determined at the trial of this action.

**FOR A FOURTH CAUSE OF ACTION**
(Negligent Retention as to Defendant Black's Tire Service, Inc.)

30. Each allegation contained above is re-alleged and incorporated by reference.

31. Defendant Black's Tire Service, Inc. owed a duty to Plaintiffs and others to investigate the wrongful and unacceptable conduct of its personnel and take appropriate action.

32. Defendant Black's Tire Service, Inc. breached that duty by failing to undertake any appropriate investigation, discharge, remedial training, or reassignment.

ELECTRONICALLY FILED - 2021 Jun 07 3:24 PM - MARLBORO - COMMON PLEAS - CASE#2021CP3400162

ELECTRONICALLY FILED - 2021 Jun 07 3:24 PM - MARLBORO - COMMON PLEAS - CASE#2021CP3400162

33. As a result of Defendant Black's Tire Service, Inc.'s conduct, Plaintiffs are entitled to actual and punitive damages for physical injuries, property damage, pain and suffering, mental anguish, loss of human dignity, loss of enjoyment of life, permanent impairment and disfigurement, and other damages caused by the same, in an amount to be determined at the trial of this action.

34. As a direct and proximate result of the wrongful acts and omissions set forth above as committed by all Defendants, Plaintiff Colby O. Altman has suffered:

    a. personal injuries;

    b. property damage;

    c. pain and suffering;

    d. mental anguish;

    e. lost wages or income;

    f. loss of enjoyment of life;

    g. permanent impairment;

    h. medical expenses and other pecuniary losses; and

    i. any other damages recoverable under South Carolina law applicable to personal injury cases.

35. As a direct and proximate result of the wrongful acts and omissions set forth above as committed by all Defendants, Plaintiff Patrick L. Altman, as the husband of Plaintiff Colby O. Altman, has suffered derivative damages caused by the injuries to his spouse and hereby asserts his loss of consortium claim for the diminution of services of his wife and all allowable loss of consortium damages under South Carolina law.

ELECTRONICALLY FILED - 2021 Jun 07 3:24 PM - MARLBORO - COMMON PLEAS - CASE#2021CP3400162

36. Upon information and belief, due to Defendants' acts and/or omissions, Plaintiffs are entitled to judgment against Defendants for their actual damages and for punitive damages in an amount to be determined by the jury.

WHEREFORE, Plaintiffs pray that this Court enter judgment for them against Defendants for Plaintiffs' actual and punitive damages in an amount to be determined by a jury, for the reasonable costs of this action, and for such other and further relief that this Court may deem just and proper.

**DOUGLAS JENNINGS LAW FIRM, LLC**

By:     /s/ Douglas Jennings, Jr.
Douglas Jennings, Jr. (Bar #2987)
Mason William King (Bar #100149)
P.O. Box 995
151 Broad Street
Bennettsville, SC 29512
(843) 479-2865 Office
(843) 479-2866 Fax
doug@jenningslawoffice.com
mason@jenningslawoffice.com
*ATTORNEYS FOR PLAINTIFFS*

June 7, 2021
Bennettsville, South Carolina